IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON RICE and<br>STEPHANIE RICE,<br><br>        Plaintiffs,<br><br>    v.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY,<br>t/d/b/a/ STATE FARM<br>INSURANCE COMPANIES,<br><br>        Defendant. | Civil Action No. 4: 10-CV-1280<br><br>(Judge McClure) |

**MEMORANDUM**

August 25, 2010

## I. BACKGROUND

On April 30, 2010, the plaintiffs, Jason Rice and Stephanie Rice, filed a four-count complaint in the Court of Common Pleas of Snyder County. (Rec. Doc. No. 1, Exhbt. A). As of the date of the filing of the complaint, plaintiffs resided in Selinsgrove, Snyder County, Pennsylvania. Id. at 1. The defendant named in the complaint is State Farm Fire and Casualty Company t/d/b/a State Farm Insurance Companies ("State Farm"), a company that does business in Pennsylvania but has a principal place of business in Bloomington, Illinois. Id.[1]  This action was

---

[1] Defendant State Farm notes in the instant motion to dismiss that the caption for the case improperly refers to the defendant as "t/d/b/a State Farm Insurance

removed to the United States District Court for the Middle District of Pennsylvania upon the defendant's notice of removal, filed with this court on June 18, 2010. This court has proper jurisdiction based upon diversity of citizenship.[2]

In their complaint, plaintiffs seek to recover damages they say they incurred as a result of a fire at their home in Selinsgrove, Pennsylvania. Count I of the plaintiffs' complaint is a breach of contract claim, based upon a contract of insurance the plaintiffs claim they entered into with the defendant. (Rec. Doc. No. 1, Exhbt. A at 4-5).[3] Count II of the complaint is an action for bad faith in violation of 42 Pa.C.S. § 8731, et seq. Id. at 5-7. In Count III of the complaint, plaintiffs allege that State Farm "has acted in bad faith and breached its contractual and fiduciary duties owed to the Plaintiffs . . . ." Id. at 7-9. Finally, in Count IV, plaintiffs contend that the defendant violated the Unfair Trade Practices and

---

Companies." (See Rec. Doc. No. 5 at 1). If the parties so agree, they may file a stipulation of counsel to amend the caption.

[2] The instant matter was properly removed to this court pursuant to 28 U.S.C. § 1441(a), as this court has original jurisdiction, based upon diversity, pursuant to 28 U.S.C. § 1332(a)(1): the amount in controversy exceeds $75,000, and the parties involved are citizens of different states, as the plaintiffs are citizens of Pennsylvania, and the defendant is a citizen of Illinois. In addition, removal is appropriate as the defendant has filed notice of removal within thirty days of the date on which it received service of the complaint. See 28 U.S.C. § 1446(b).

[3] Included in Count I of the plaintiffs' complaint is a request for damages that include, inter alia, "[s]ubstantial legal costs." Id. at 5.

Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, et seq., "by engaging in unfair or deceptive acts or practices . . . ." Id. at 9-10.

## II. PROCEDURAL HISTORY

On June 25, 2010, defendant State Farm filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Rec. Doc. No. 4). With this motion, the defendant seeks to dismiss Counts II, III, and IV of the plaintiffs' complaint for failure to state a claim upon which relief can be granted. On July 9, 2010, State Farm filed a brief in support of its motion to dismiss. (Rec. Doc. No. 5). In addition to providing support for its contention that Counts II, III, and IV of the complaint should be dismissed, State Farm also argues that the plaintiffs' demand for attorneys' fees in Count I should be stricken, as plaintiffs are not entitled to such fees in a breach of contract action.

Plaintiffs did not file a brief in opposition within the time period as required by Middle District Local Rule 7.6. That rule states that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." Local Rule 7.6. However, as granting the motion at issue would dispose of a number of the plaintiffs' claims, we allowed the plaintiffs until August 9, 2010, in which to file an opposition brief to the defendant's motion to dismiss. (Rec. Doc. No. 8). As of the date of this order, the plaintiffs have yet to file any brief in opposition.

Now, in light of the following, we will grant the defendant's motion to dismiss to the extent that the defendant seeks the dismissal of Count III of the complaint and the plaintiffs' request for legal costs in Count I. We will deny the motion to the extent that the defendant seeks the dismissal of Count II and IV of the plaintiffs' complaint.

### III. STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v.

Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 U.S. Dist. LEXIS 54882, 4 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellmann, 2008 U.S. Dist. LEXIS at 4-5. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required

5

elements of a particular legal theory.  Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950, citing Fed. R. Civ. P. 8(a).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

## IV. ALLEGATIONS IN THE COMPLAINT

The material facts as contained in the complaint are as follows. Plaintiffs Jason Rice and Stephanie Rice were at all times relevant to the instant action the owners of a property located at 1253 North Old Trail, Selinsgrove, Snyder County, Pennsylvania. (Rec. Doc. No. 1, Exhbt. A at 2). At all times relevant to this suit, defendant State Farm provided Mr. and Mrs. Rice with insurance coverage for this property under Policy No. 78-PT-6539-2. This policy provided coverage for the dwelling located at 1253 North Old Trail, as well as the personal property located

6

in the dwelling, and the plaintiffs paid a premium for such coverage. Id. at 3.

On or about September 19, 2009, a fire broke out in the plaintiffs' residence which caused fire, smoke, and water damage to the dwelling and the plaintiffs' personal property located in the dwelling. The Pennsylvania State Police Fire Marshall ruled the fire as undetermined. Id.

Since September 19, 2009, the plaintiffs have been displaced from their residence. Although plaintiffs have demanded payment for the losses they have incurred, defendant State Farm has failed to make any such payments. As a result of this failure, a Complaint in Mortgage Foreclosure was served upon the plaintiffs on April 27, 2010. Id. at 3. Plaintiffs claim that, "[d]espite [their] repeated demands and more than reasonable period for investigation, the Defendant has failed to confirm or deny Plaintiffs' claims relative to the above-referenced fire, to date." Id. at 4.

## V. DISCUSSION

### A. Count II - Bad Faith Claim

Pursuant to 42 Pa.C.S. § 8731, Pennsylvania's bad faith statute:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

7

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8731. As the defendant notes, there are two elements that must be made out by a plaintiff seeking recovery for the denial of insurance coverage under the bad faith statute. The Pennsylvania Superior Court, in the seminal case concerning § 8731, defined bad faith as "any frivolous or unfounded refusal to pay proceeds of a policy" and stated that "such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." Terletsky v. Prudential Prop. & cas. Ins. Co., 649 A.2d 680, 689 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)). To succeed on a bad faith claim, "the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." Id. (citing American Franklin Life Insurance Company v. Galati, 776 F. Supp. 1054, 1064 (E.D.Pa. 1991)). In addition, a claim of bad faith must be proven by clear and convincing evidence; mere insinuation is not enough. Id.; see also Polselli v.

Nationwide Mutual Fire Insurance Co., 126 F.3d 524, 528 (3d Cir. 1997).

We cannot agree with defendant State Farm that the plaintiffs have failed to properly allege a claim sounding in bad faith. In support of its motion to dismiss, State Farm contends that "Count II contains boilerplate allegations of bad faith and unsubstantiated conclusions of law." (Rec. Doc. No. 5 at 5). In addition, State Farm alleges that "[t]here is no evidence that State Farm acted in bad faith . . . ." Id. Of course, for the purposes of deciding a motion to dismiss, the court cannot look to the evidence that might prove or disprove the plaintiffs' case; instead, the court must decide "whether a complaint states a plausible claim for relief . . . ." Iqbal, 129 S.Ct. at 1950. Here, we believe that plaintiffs have stated a plausible claim for relief under the bad faith statute. Plaintiffs have outlined a number of examples of how the defendant has violated § 8731,[4] and whether the plaintiffs will be able to prove such violations by clear and convincing evidence is a question that cannot be addressed by this court at the present time.

---

[4] For example, plaintiffs allege that State Farm "has unreasonably delayed, and continues to unreasonably delay," in paying plaintiffs for their loss; that there was and is no reasonable basis for such denial; and that State Farm has acted "with ill will, malicious intent and self-motive" in its handling of the plaintiffs' claims. (Rec. Doc. No. 1, Exhbt. A at 5-6). Plaintiffs similarly allege that State Farm engaged in unreasonable and bad faith investigative practices in handling the plaintiffs' claims; subjected Mr. and Mrs. Rice "to harassment, inconvenience and embarrassment"; and "intentionally, maliciously, fraudulently and recklessly engag[ed] in a course of conduct to deprive [them] of benefits . . . ." Id. at 7.

In light of the above, we will deny defendant State Farm's motion to dismiss Count II for failure to state a claim under Pennsylvania law.

**B. Count III - Breach of Duty of Good Faith and Fair Dealing Claim**

State Farm contends that Count III should be dismissed, as it appears to combine the plaintiffs' claims for breach of contract and bad faith that are contained in Counts I and II. Id. at 5-6. We agree with the defendant that Count III is redundant and unnecessary, especially in light of our denial of the defendant's motion to dismiss Count II of the plaintiffs' complaint.

Therefore, we will grant defendant State Farm's motion to dismiss Count III of the plaintiffs' complaint for failure to state a claim under Pennsylvania law.

**C. Count IV - Unfair Trade Practices and Consumer Protection Law Claim**

The UTPCPL prohibits the use of "unfair methods of competition" and unfair or deceptive acts or practices" involved in a transaction between the parties that constitutes "trade or commerce." See 73 P.S. § 201-3. A wide range of activities constitute "unfair or deceptive acts or practices." See 73 P.S. § 201-2(4)(I)-(xxi). Plaintiffs allege that the defendant violated the UTPCPL "by engaging in unfair or deceptive acts or practices in general," as well as:

> (a) By engaging in negligent, reckless and/or intentional conduct by failing to properly pay benefits they knew were due and

owing;

     (b) By engaging in conduct causing the likelihood of confusion and/or misunderstanding regarding the payments of premiums and cancellation of the insurance policy; [and]

     (c) By failing to comply with terms of the policy and written warranties and guarantees in the policy.

(Rec. Doc. No. 1, Exhbt. A at 9). A private party can bring an action pursuant to § 201-9.2, which states, in pertinent part, that "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action . . . ."

The plaintiffs do not specifically state which subsections of the UTPCPL they believe the defendant has violated. The defendant contends that the plaintiffs' UTPCPL claim should be dismissed as it only alleges nonfeasance on the part of the defendant, and simple nonfeasance cannot form the basis for an action under the UTPCPL. (Rec. Doc. No. 5 at 7) ("A fair reading of the Complaint leads to the inescapable conclusion that State Farm is being accused of nonfeasance – failing to pay Plaintiffs' insurance claim.").

The Court of Appeals for the Third Circuit has held "that '[i]n Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a

cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable.'" Gardner v. State Farm Fire & Cas. Co., 544 F.3d 553, 564 (3d Cir. 2008) (quoting Horowitz v. Fed. Kemper Life Assur. Co., 57 F.3d 300, 307 (3d Cir. 1995)). We agree with the defendant that the plaintiffs allege that State Farm has not paid benefits allegedly owed under an insurance contract and that this "failure to perform a contractual duty" is typically considered to be nonfeasance. However, we believe that, at this stage of the litigation, the plaintiffs have sufficiently alleged that the defendant has gone beyond nonfeasance, alleging that State Farm has engaged in conduct it knew was improper and that would cause the likelihood of confusion or misunderstanding concerning, for example, premium payments. See, e.g., Zaloga v. Provident Life & Accident Ins. Co. of Am., 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009) (Kosik, J.) (denying the defendant insurance company's motion to dismiss the plaintiff's UTPCPL claim for alleging merely nonfeasance because "the facts alleged by [the plaintiff] go beyond black or white performance and inject the question of the propriety of Defendants' behavior in performing their duty"). In any event, we do not believe it prudent at this stage of the proceedings to dismiss the plaintiffs' UTPCPL claim. See Lites v. Great Am. Ins. Co., 2000 U.S. Dist. LEXIS 9036, *14 (E.D. Pa. June 23, 2000) (following an

12

extensive review of the differences between the motion to dismiss and summary judgment standards in UTPCPL actions, the district court concluded that, though the defendant contended "that the entire complaint allege[d] nothing more than a mere failure to perform and not impropriety in fulfilling its contractual obligations[,] . . . [a] closer examination of the complaint reveal[ed] the contrary").

As Judge Kosik noted in Zaloga, "it is plausible to view these facts in the light most favorable to [the plaintiffs] and conclude that [the defendant] misperformed [its] obligation to [the plaintiff] rather than failed to perform it." Zaloga, 671 F. Supp. 2d at 633. As such, we will deny State Farm's motion to dismiss Count IV of the plaintiffs' complaint.

### D. Count I - Attorneys' Fees and Costs Demand

Finally, defendant State Farm asks that this court strike the plaintiffs' request in Count I of the complaint for "substantial legal costs." (Rec. Doc. No. 1, Exhbt. A at 4). A plaintiff may not recover attorneys' fees from the opposing party in an action "in the absence of express statutory allowance of the same, or clear agreement by the parties, or some other established exception." Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 301 (1975) (quoting Corace v. Balint, et al., 210 A.2d 882, 886-87 (Pa. 1965)) (internal citations omitted). Here, there is no express statutory basis for an award of attorneys' fees

13

on plaintiffs' breach of contract claim, and the plaintiffs have not alleged an agreement between the parties or another established exception providing for such an award on this claim. Therefore, we will grant defendant State Farm's motion to strike the plaintiffs' request, in Count I of the complaint, for legal costs.

## VI. CONCLUSION

Based on the foregoing, we will grant defendant State Farm's motion to dismiss in part and deny it in part. To the extent that the defendant seeks the dismissal of Counts II and IV of the plaintiffs' complaint, the motion will be denied. In addition, we will grant the defendant's motion to dismiss to the extent that the defendant seeks the dismissal of Count III of the complaint and to strike plaintiffs' request, in Count I, for legal costs based upon the breach of contract action. An appropriate order follows.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON RICE and | : | |
| STEPHANIE RICE, | : | |
| | : | Civil Action No. 4: 10-CV-1280 |

14

|             |   |                  |
|-------------|---|------------------|
| Plaintiffs, | : |                  |
|             | : | (Judge McClure)  |
| v.          | : |                  |
|             | : |                  |
| STATE FARM FIRE AND CASUALTY COMPANY, t/d/b/a/ STATE FARM INSURANCE COMPANIES, | : : : : : |  |
|             | : |                  |
| Defendant.  | : |                  |

## ORDER

August 25, 2010

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant State Farm's motion to dismiss Count III of the plaintiffs' complaint and to strike the plaintiffs' request, in Count I, for legal costs based upon the breach of contract action is **GRANTED**. (Rec. Doc. No. 4).

2. Defendant State Farm's motion to dismiss Counts II and IV of the plaintiffs' complaint is **DENIED**. (Rec. Doc. No. 4).

3. Defendant is directed to file an answer to Counts I, II and IV of the complaint on or before September 15, 2010.

15

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge